Reese, J.
delivered the opinion of the court.
The defendant was presented for not having bannisters to his boat, pursuant to the statute. The Circuit Court, on motion, quashed the indictment, not on the ground, as we understand from counsel, that the ofFence charged does not amount to a misdemeanor indictable by law, but upon the ground of insufficient and defective allegation in the presentment. His Honor may have been correct in his action, upon the ground assumed. We have not deemed it necessary to inquire into that matter, because the statute which creates the offence does *18 not make it indictable, but prescribes á penalty; and on general principles, therefore, the specific remedy given, the penalty, excludes the resort to an indictment. But it has been suggested, that all offences whatever, heretofore' punished by penalties merely and not by indictment, have been raised to the dignity, if we may so speak, of misdemeanors punishable by presentment or indictment, since the passage of the act of 1842, chap. 141. The 4th sec. of that act has been thought, it is said, to have produced this very remarkable change. That section provides, that all “violations of the penal laws may be prosecuted by indictment or presentment of a grand jury; and in case of a prosecution upon presentment, the same may be made upon the information of any one of the grand jury.” Prior to the passage of this act, there had been a course of legislation, limiting and obstructing the power of presentment by the grand Jury as to certain offences which were still misdemeanors, and indictable at the instance-of a prosecutor; and there were other cases in which, although the power of presentment remained to the grand jury, two of their body had to concur in a knowledge of the facts upon which the presentment was to be based. The Legislature wisely determined to remove these obstructions, and in the section in question simply provided that whatever is by law indictable is also presentable, and vice versa, and that the knowledge or information of one juror shall be sufficient. It did not make any part .of their purpose to create new misdemeanors.
Let the judgment be affirmed.